JONES, Justice.
This suit to quiet title to land in the Gulf Coast area of the State comes before this Court on appeal by Plaintiff State of Alabama. Title to land resulting from littoral accretion is disputed. A recital of the rath *747 er complicated facts will not be given here because we find that the cause must be remanded for jury trial for reasons expressed herein.
Demand for jury trial in this case was made initially in February, 1962, by the State. The case was docketed as a jury case. Motion for reference to a Master was made by the State on October 7, 1976. No waiver of the right to jury trial was made in this motion. In December, 1978, while the case was under submission to the Master, the case was transferred from the jury to the nonjury docket without explanation in the record for this change. On June 7, 1979, after the Master’s Report was completed, the State filed objections and exceptions and renewed its jury demand, saying:
“Reference to a Master under Rule 53(e) [ARCP] even with the affirmative consent of the parties is not a waiver of jury trial, and the parties may present to the jury any other evidence they desire and are free to call witnesses who were heard by the Master.”
Appellee’s motion to strike this jury demand was granted by the trial Court. We must reverse this holding and remand the cause for jury trial. Appellant’s interpretation of Rule 53 is correct. ARCP 53(e)(3); see, also, Committee Comments, Rule 53(e). Despite Appellee’s contention that the State affirmatively waived its right to a jury trial at a pretrial hearing, we find no evidence of such waiver in the record, and, without such support in the record, Appellant cannot be deprived of its right to a jury trial.
This cause is hereby remanded for further proceedings in accordance with this opinion.
REVERSED AND REMANDED.
TORBERT, C. J., and MADDOX, AL-MON, EMBRY and BEATTY, JJ., concur.
BLOODWORTH, FAULKNER and SHORES, JJ., not sitting.